# ADDISON *v.* BARNES.

PARTITION; COTENANCY; APPEAL AND ERROR; AMENDMENT..

1. Mere acquiescence by one tenant in common in upkeep and improvements by his cotenant, who has complete possession of the common property, is not sufficient to establish partition *in pais*, without proof of some agreement between the parties to that end.

2. A suit to enforce a partition *in pais* cannot, on appeal, be converted into a suit for partition, as between tenants in common, and a decree in such a suit for the plaintiff not supported by the evidence will be reversed and the cause remanded with directions to vacate the decree and permit the plaintiffs to amend, if so advised.

No. 2915.   Submitted May 1, 1916.   Decided May 22, 1916.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, enforcing an alleged agreement between cotenants for the partition of real estate.                    *Reversed.*

The facts are stated in the opinion.

*Mr. W. Walton Edwards* and *Mr. John Ridout* for the appellant.

*Mr. J. H. Ralston, Mr. W. E. Richardson,* and *Mr. George W. Hott* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellees, Fannie A. Barnes and Alexander Barnes, filed a bill in equity in the supreme court of the District of Columbia, attempting to set up a partition *in pais* of certain real estate in this District, with a prayer "that the partition *in pais*

heretofore had between the parties hereto shall be carried out in full under the orders and directions of this court."

The evidence totally fails to sustain such an agreement. Plaintiff Fannie A. Barnes and defendant, Charles E. Addison, sister and brother, inherited the property, and no division thereof was ever made. The sister, with her husband, Alexander Barnes, occupied the property and constructed improvements thereon, paid the taxes, and paid no rent to defendant. On the question of agreement for partition, plaintiff Fannie A. Barnes testified: "I paid for all the repairs. My brother never paid anything. I have never paid any rent to any one. I never, at any time, had any talk with my brother about a division of the property. My daughter once asked him if he wanted to sell his interest, and he said no, that he might want to build. My brother has visited me frequently, never having missed a month, and he never made any objection to anything that I had done, always praised me for it." Plaintiff Alexander Barnes testified: "Never a word was ever said between us and Charles about a partition." Defendant testified: "My sister has been living there since 1887, and has had the entire use of the property for her own advantage. She cultivated the ground, remodeled the house to suit her own growing family. I have not made any repairs nor paid for any, nor paid any taxes, nor received any benefits from the property. We never had any agreement for a partition. I have always spoken of the place as my old home, and always claimed an equal interest in both the house and the land."

Mere acquiescence by one tenant in common in upkeep and improvements by his cotenant, who has complete possession of the common property, is not sufficient to establish partition in pais, without proof of some agreement between the parties to that end. There is not only no proof of such an understanding, but all the parties positively testify that the subject of partition was never discussed between them. The bill was not brought to secure a partition between tenants in common, but to enforce a partition in pais averred to have been agreed upon between the parties. The suit having totally failed

of its purpose, it cannot, on appeal, be converted into a suit for partition between tenants in common. The evidence was not adduced to that end; hence, nothing remains but to set aside the decree.

The decree is reversed, with costs, and the cause remanded with directions to vacate the decree and permit plaintiffs to amend, if so advised.                    *Reversed and remanded.*